RECEIVED
JUN 2 3 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MICHAEL D. BOURGEOIS, JR. | CIVIL ACTION NO. 05-0163 |
| VERSUS | JUDGE DOHERTY |
| WAL-MART STORES, INC. | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Presently pending before this Court is a Motion for Remand filed on behalf of the plaintiff, Michael Bourgeois, on the grounds diversity jurisdiction does not exist due to a lack of a sufficient jurisdictional amount in controversy. The motion is opposed by the defendant. For the following reasons, the motion shall be granted and this matter remanded to state court.

The following facts have been alleged by the plaintiff in his Petition and have not been contested by the defendant for purposes of the Motion for Remand. Mr. Bourgeois was an employee of Wal-Mart Stores, Inc. in its Bayou Vista location when he was injured during the course and scope of his employment. He filed a worker's compensation claim and, before he was able to return to work, Wal-Mart Stores, Inc. terminated his employment.

According to Mr. Bourgeois, Louisiana law prohibits retaliation by an employer against an employee for filing a worker's compensation claim. He initiated this action in the Sixteenth Judicial District Court for the Parish of St. Mary, State of Louisiana, seeking to recover damages against Wal-Mart Stores, Inc. for its alleged violation of Louisiana law. Wal-Mart Stores, Inc. removed the action on the basis of diversity jurisdiction, alleging there was complete diversity between the parties and that the jurisdictional minimum amount in controversy was met. The plaintiff has filed a motion

for remand alleging that the jurisdictional amount is not met in this matter.

Federal courts have original jurisdiction over civil actions in which the matter in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). When an action over which the district courts of the United States have original jurisdiction is brought in a state court, any such civil action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. When jurisdiction is challenged, as it is in this case, the party seeking to invoke the court's jurisdiction bears the burden of proving that jurisdiction exists.

The Fifth Circuit has identified two avenues of proof available to a defendant who bears the burden of proving that the amount-in-controversy threshold is met in a removed case.

> First, jurisdiction will be proper if 'it is facially apparent' from the plaintiffs' complaint that their 'claims are likely above [$75,000].' . . . If the value of the claims is not apparent, then the defendants 'may support federal jurisdiction by setting forth the *facts* – [either] in the removal petition [or] by affidavit – that support a finding of the requisite amount.'

Garcia v. Koch Oil Company of Texas, Inc., 351 F.3d 636, 639 (5th Cir. 2003). *See also* Grant v. Chevron Phillips Chemical Company, L.P., 309 F.3d 864, 868 (5th Cir. 2002). In this particular case, the defendant has not provided any argument concerning the value of the damages at issue, apparently relying upon the first avenue described above – *i.e.* that it is facially apparent from the plaintiff's petition that his claim is valued in excess of $75,000.

This Court has carefully reviewed the plaintiffs' petition and cannot conclude that it reveals that the amount-in-controversy requirement is met herein, particularly not in light of the plaintiffs' argument to the contrary. Moreover, this Court has conducted a survey of reported cases concerning

retaliation claims such as that Mr. Bourgeois has asserted and found that, between 1991 and 2005, no reported case has resulted in an award in excess of $75,000 in value. In light of the defendant's failure to present evidence or argument concerning the value of the plaintiff's case, and in light of this Court's independent research, this Court finds that the defendant has not demonstrated that the jurisdictional amount is met herein and, therefore, has not carried its burden of proving that this Court has jurisdiction to hear this case.

For the foregoing reasons, the plaintiff's Motion for Remand shall be granted and this matter remanded to the Sixteenth Judicial District Court for the Parish of St. Mary, State of Louisiana.

THUS DONE AND SIGNED in Chambers this 22 day of June, 2005.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE